NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

SEP 12 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 23-1869 |
| Plaintiff - Appellee, | D.C. No. 3:20-cr-00309-AJB-1 |
| v. | |
| FELIZA RENTERIA, | MEMORANDUM* |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Anthony J. Battaglia, District Judge, Presiding

Submitted September 10, 2024**
Pasadena, California

Before: R. NELSON, MILLER, and DESAI, Circuit Judges.

Feliza Renteria appeals the district court's denial of her motion for compassionate relief. Renteria pleaded guilty to knowingly importing heroin into the United States in violation of 21 U.S.C. §§ 952, 960. She was sentenced to seventy-two months of imprisonment, to be followed by five years of supervised

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

release. Approximately two years into her sentence, Renteria sought compassionate release based on her end-stage kidney disease and other health conditions. We have jurisdiction under 28 U.S.C. § 1291, and we review the denial of a motion for compassionate release for abuse of discretion. *United States v. Wright,* 46 F.4th 938, 944 (9th Cir. 2022). We affirm.

The district court did not abuse its discretion by denying Renteria's motion for compassionate release. The court acknowledged Renteria's serious medical conditions but found that she had failed to prove extraordinary and compelling reasons warranting a sentence reduction because her conditions were appropriately managed in prison, and the Bureau of Prisons could provide additional necessary care, including a kidney transplant, if Renteria met certain prerequisites for treatment.[1] *See* 18 U.S.C. § 3582(c)(1)(A)(i). Particularly given there was no binding definition of extraordinary and compelling reasons for compassionate release at the time the district court decided Renteria's motion, *see* U.S.S.G. 1B1.13 (2007) (amended 2023), the district court did not abuse its discretion by denying relief.

**AFFIRMED.**

---

[1] The district court invited Renteria to file a subsequent motion for compassionate release if she is refused necessary care after becoming eligible in the future, the district court invited a subsequent motion for compassionate release.